# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

FREDDY CHAGALA-DOMINGUEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 142 795

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Freddy Chagala-Dominguez, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. He claims that Los Zetas gang members engaged in extortion against him and his family members. Because Chagala-Dominguez has not challenged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA's conclusion that his asylum claim was time-barred and that he was not entitled to relief under the Convention Against Torture, such claims are abandoned. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Because the BIA agreed with the findings and conclusions of the IJ, we review both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). We review an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. Among the findings that we review for substantial evidence are the factual conclusions that an alien is not eligible for withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Chagala-Dominguez makes two arguments challenging the BIA's denial of his claim for withholding of removal: (1) that the IJ and the BIA ignored facts in the record which showed that he suffered past persecution; and (2) that the IJ erred in concluding that he did not belong to a particular social group composed of family members of truck drivers who are victims of organized crime.

An applicant for withholding of removal must establish that it is "more likely than not" that his life or freedom would be threatened by persecution on account of a protected status, including membership in a particular social group. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

Regarding Chagala-Dominguez's claim of past persecution, we do not recognize economic extortion as a form of persecution. *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Further, a claim of persecution cannot be based on mere threats without actual harm. *See Eduard v. Ashcroft*,

No. 15-60294

379 F.3d 182, 188 (5th Cir. 2004); *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006)).

Chagala-Dominguez argues that he will more likely than not be persecuted based on his membership in the claimed social group of "family members of truck drivers in Mexico who have been targeted by the Zetas" if he returns to Mexico. Chagala-Dominguez has not established sufficient particularity and social visibility of this group, because, based on Chagala-Dominguez's own admissions, virtually all Mexicans face similar dangers. Chagala-Dominguez has failed to show that the Zetas targeted him and his family members on the basis of any particular identifying factors. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *Roy*, 389 F.3d at 138. Accordingly, we find that substantial evidence supported the BIA's findings. *See Roy*, 389 F.3d at 138-39.

The petition for review is DENIED.